IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

**JOHN FRANKLIN WILLIAMS,**

Plaintiff,

v.

**COMMISSIONER, SOCIAL SECURITY ADMINISTRATION,**

Defendant.

Civ. No. 6:14-cv-01419-CL

**REPORT & RECOMMENDATION**

CLARKE, Magistrate Judge.

Plaintiff John Williams ("Plaintiff") moves the Court for an award of $6,127.04 in attorney's fees under the Equal Access Justice Act ("EAJA"), 28 U.S.C. § 2412(d). Defendant Commissioner of the Social Security Administration (the "Commissioner") opposes Plaintiff's motion. Having reviewed the record and considered the specifics of this case, the Court finds that Plaintiff is entitled to his full request. His motion (#21) should be GRANTED.

### BACKGROUND

On September 3, 2014, Plaintiff filed a Complaint (#1) to obtain judicial review of the final decision of the Commissioner of the Social Security Administration ("Commissioner")

denying his application for Supplemental Security Income Benefits ("SSI") under Title XVI of the Social Security Act. On September 22, 2015, this Court reversed (#19) the Commissioner's decision and remanded for further administrative proceedings. The Court instructed the Commissioner's Administrative Law Judge ("ALJ") to determine (1) whether Plaintiff could perform any of the jobs identified if his concentration, persistence, and pace were moderately impaired; and (2) whether Plaintiff met Medical Vocational Guidelines as of his 55th birthday. On November 20, 2015, Plaintiff's attorney filed an application (#21) for EAJA fees. The Commissioner asks (#22) the Court to deny Plaintiff's motion in its entirety.

## LEGAL STANDARD

A prevailing party in an action against the United States is entitled to an award of attorney's fees and costs under the EAJA unless the government demonstrates that its position in the litigation was "substantially justified" or that "special circumstances make an award unjust." 28 U.S.C. § 2412(d)(1)(A). An EAJA fee award must be reasonable. *Sorenson v. Mink*, 239 F.3d 1140, 1145 (9th Cir. 2001). In determining whether a fee is reasonable, the Court considers the hours expended, the reasonableness of the hourly rate charged, and the results obtained. *Hensley v. Eckerhart*, 461 U.S. 424, 434 (1983); *Atkins v. Apfel*, 154 F.3d 986, 988 (9th Cir. 1998) (applying *Hensley* to cases involving the EAJA). If the requested fees are not shown to be reasonable, then the Court may reduce the award. *See Hensley*, 461 U.S. at 433; *Atkins*, 154 F.3d at 988.

## DISCUSSION

It is undisputed that Plaintiff is a prevailing party. *Gutierrez v. Barnhart*, 274 F.3d 1255, 1257 (9th Cir. 2001) ("An applicant for disability benefits becomes a prevailing party for the purposes of the EAJA if the denial of her benefits is reversed and remanded regardless of

whether disability benefits ultimately are awarded."). Accordingly, the Court should award his fee request if it finds (1) the government has neither shown that its position was "substantially justified" nor demonstrated that special circumstances render the requested award unjust, and (2) the requested fees are reasonable. 28 U.S.C. § 2412(d)(1)(A); *Perez–Arellano v. Smith*, 279 F.3d 791, 793 (9th Cir. 2002).

The Commissioner contends that its position was "substantially justified." In opposing an EAJA fee request on this basis, the Commissioner bears the burden of establishing it was "substantially justified" both (1) in taking its original action and (2) defending the validity of that action in court. *Corbin v. Apfel*, 149 F.3d 1051, 1052 (9th Cir. 1998); *Kali v. Bowen*, 854 F.2d 329, 332 (9th Cir. 1988). The Supreme Court defines "substantially justified" to mean "justified in substance or in the main," in other words, "justified to a degree that could satisfy a reasonable person." *Pierce v. Underwood*, 487 U.S. 552, 565 (1988) (internal citations omitted). A position can be substantially justified even though it is incorrect so long as it has "a reasonable basis in law and fact." *Id.* at 566 n.2. This standard is met if there is a "genuine dispute." *Id.* at 565.

Here, the primary issue before the Court was whether the ALJ adequately addressed Plaintiff's moderate impairments in concentration, persistence, or pace by restricting him to simple, repetitive tasks. The Court noted that the Ninth Circuit has been "somewhat inconsistent" on this issue, but recently "affirmed" the inadequacy of such restrictions in *Brink v. Comm'r Soc. Sec. Admin*, 599 F.App'x 657 (9th Cir. 2015). In *Brink*, the Ninth Circuit reasserted its previous holding that an ALJ failed to capture a claimant's moderate impairments in concentration, persistence, or pace when the ALJ restricted the claimant to simple, repetitive tasks. Id. at 657-58.

The Commissioner dismisses *Brink* as "unpublished dicta." Def.'s Resp., at 3. It asserts that, in the absence of any controlling Ninth Circuit or Supreme Court case law, its position was reasonable. The Court disagrees. The *Brink* opinion is directly on point. The Court cited the opinion's holding, not dicta. To the extent that *Brink*'s authority is lessened by its presence in the Federal Appendix, the Court notes that district courts "routinely cite non-binding opinions for persuasive reasoning, and such citations do not foreclose an award of attorney fees." *Marcus v. Colvin*, No. 6:13-CV-01009-AA, 2014 WL 5488924, at *3 (D. Or. Oct. 28, 2014) (citing *Bailey ex rel. Pace v. Colvin*, 3:12–CV–01092–BR, 2013 WL 6887158, *3 (D. Or. Dec. 31, 2013) (attorney fee award and underlying opinion based on non-binding district court opinions); *Hodgson v. Astrue*, 2012 WL 786352, *3 (D. Or. Feb. 16, 2012), report and recommendation adopted, 2012 WL 786943 (D. Or. Mar. 9, 2012) (granting attorney fees after relying on non-binding district court cases); *Irwin v. Astrue*, 2011 WL 2619503 (D.Or. July 1, 2011)). The Commissioner does not cite to any case law to contradict *Brink*'s holding or to otherwise support the legal basis of its position. It does not advance any other arguments to meet its burden of establishing legal reasonableness. Its opposition to Plaintiff's fee request should, therefore, fail.

The Commissioner does not object to the amount of attorney fees requested by Plaintiff. However, the Court has reviewed Plaintiff's petition and supporting documentation, and confirmed its reasonableness. Plaintiff is entitled to an EAJA fee award of $6,127.04.

Plaintiff assigned any EAJA fees to his attorney. Pl.'s Mot, Ex. A. Therefore, the amount of this award shall be paid to Plaintiff's attorney upon verification that Plaintiff has no debt, which qualifies for offset against the award pursuant to the Treasury Offset Program. *See Astrue v. Ratliff*, 560 U.S. 586, 589 (2010). If Plaintiff has no such debt, then a check shall be made out to Plaintiff's attorney, and mailed to Plaintiff's attorney. If Plaintiff has a debt, then a check for

the remaining funds, after any offset of the debt, shall be made to Plaintiff and mailed to Plaintiff's attorney.

## RECOMMENDATION

For the reasons set forth above, Plaintiff's motion (#21) for attorney's fees in the amount of $6,127.04 should be GRANTED.

This Report and Recommendation will be referred to a district judge. Objections, if any, are due no later than fourteen (14) days after the date this recommendation is filed. If objections are filed, any response is due within fourteen (14) days after the date the objections are filed. See Fed. R. Civ. P. 72, 6. Parties are advised that the failure to file objections within the specified time may waive the right to appeal the District Court's order. *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991).

DATED this 4th day of February 2016.

MARK D. CLARKE
United States Magistrate Judge